UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANGEL ESCALERA,

                              Petitioner,

        -vs-                           **No. 1:15-CV-00674(MAT)**
                                                              **DECISION AND ORDER**
JOHN LEMPKE,

                              Respondent.

---

## I. Introduction

Proceeding pro se, Angel Escalera ("Petitioner") instituted this proceeding pursuant to 28 U.S.C. § 2254, alleging that he is being unlawfully detained in Respondent's custody. Petitioner is presently incarcerated as the result of a judgment of conviction entered against him in New York State Supreme Court, Erie County (Wolfgang, J.), following a guilty plea to one count of first-degree criminal possession of a controlled substance (N.Y. Penal Law § 221.01(1)).

## II. Factual Background and Procedural History

At the time of the incident at issue, Petitioner was in the custody of the New York State Division of Parole. His assigned parole officer was Melissa Himmelsbach ("Himmelsbach"). In the course of supervising Petitioner, Himmeisbach had observed him commit a number of violations of his parole conditions, including positive drug tests, curfew violations, failure to maintain

employment, and display of a poor attitude.

In February of 2011, Himmelsbach received information from an agent with the Drug Enforcement Agency ("DEA") that Petitioner might be selling drugs out of his home. Himmelsbach independently investigated the matter by speaking further with the DEA agent, as well as local police officers, other parolees, and her fellow parole officers. The investigation led Himmelsbach to suspect that Petitioner indeed might be in possession of drugs. Accordingly, she made plans to stop by his residence on March 15, 2011, to conduct a home visit and search.

On the evening of March 15, 2011, Himmelsbach went to Petitioner's residence at 2962 Bailey Avenue in the City of Buffalo. Himmselsbach was assisted by several officers with the Buffalo Police Department ("BPD"). Upon her arrival, Himmeisbach informed Petitioner that she was there for a home visit, and that some BPD officers were with her to conduct a search. She and the other officers handcuffed Petitioner and cleared the residence for safety purposes. With the assistance of a drug-sniffing dog, Himmelsbach and the BPD officers recovered more than 8 ounces of cocaine from Petitioner's bathroom.

Petitioner was charged, under Erie County Indictment No. 00611-2011, with Criminal Possession of a Controlled Substance in the First Degree (New York Penal Law ("P.L.") § 220.21 (1)). Through counsel, Petitioner moved to suppress the evidence seized

during the March 15, 2011 warrantless search of his residence on the basis that his parole officer acted on behalf of the local law enforcement agency, thereby rendering the search unlawful under the Fourth Amendment. Following a hearing, Petitioner's motion to suppress was denied, and he proceeded to a jury trial. Three days into the trial, Petitioner elected to plead guilty as charged in the indictment. He was sentenced to a determinate term of 15 years plus 5 years of post-release supervision.

Through counsel, Petitioner appealed his conviction to the Appellate Division, Fourth Department, of New York State Supreme Court. The Appellate Division unanimously affirmed the judgment on October 3, 2014. People v. Escalera, 121 A.D.3d 1519, 1519, 993 N.Y.S.2d 605, 606 (4th Dep't 2014). With regard to Petitioner's Fourth Amendment contention, the Appellate Division held that it was unpreserved for review, inasmuch as Petitioner contended at the suppression hearing that his parole officer, in conducting the search in question, was acting as a de facto agent of the local police while, on appeal, he contended that the parole officer was acting on behalf of the DEA. Escalera, 121 A.D.3d at 1519–20. In any event, the Appellate Division concluded, the claim was without merit, given the parole officer's uncontroverted testimony that she was informed by a DEA agent prior to the search that the federal prosecutor "will most likely not want to get involved" in the case if an arrest were made, and the fact that no federal charges were

ever lodged against Petitioner. Instead, the parole officer testified that she conducted the search following the receipt of credible information from law enforcement sources that Petitioner possessed a large quantity of cocaine in his apartment, which constituted a violation of his parole conditions. The suppression court found the parole officer's testimony in that regard to be credible, and the Appellate Division concluded that the suppression court properly determined that the search was rationally and reasonably related to the performance of the parole officer's duties, and that suppression was not warranted.

With regard to Petitioner's contention that he was denied his statutory right to testify before the grand jury, the Appellate Division held that it was forfeited by Petitioner's guilty plea. With respect to his claim of prosecutorial misconduct, the Appellate Division found that claim to be unpreserved due to Petitioner's failure to move to withdraw the plea or to vacate the judgment of conviction on that ground. In any event, the Appellate Division stated, that contention likewise was forfeited by his guilty plea. On December 18, 2014, the New York Court of Appeals denied leave to appeal. People v. Escalera, 24 N.Y.3d 1083 (2014).

Petitioner then timely filed the instant petition, asserting the Fourth Amendment claim raised on direct appeal as his sole ground for habeas relief. Respondent answered the petition and filed a memorandum of law in opposition. Petitioner filed a

traverse as well as a memorandum of law.

For the reasons discussed below, the request for a writ of habeas corpus is denied, and the petition is dismissed.

### III. Discussion

Petitioner's claim must be assessed by reference to the Supreme Court's holding in Stone v. Powell, 428 U.S. 465 (1976), regarding federal habeas review of Fourth Amendment claims that have been litigated in state court:

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

Stone, 428 U.S. at 494-95. The Second Circuit has interpreted Stone's holding as permitting federal habeas review of Fourth Amendment claims only in limited circumstances, namely, where "the state provides no corrective procedures at all to redress Fourth Amendment violations," Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc) (citations omitted), cert. denied, 434 U.S. 1038 (1978), or "an unconscionable breakdown in that process" "preclude[s] [the defendant] from utilizing it . . . ." Id.

Here, Petitioner litigated his Fourth Amendment claim at the pretrial suppression hearing and on direct appeal to the Appellate Division, Fourth Department. Thus, New York State's corrective

process[1] not only was available, but was actually utilized by Petitioner. "[O]nce it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state's procedure), the [state] court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief." Graham v. Costello, 299 F.3d 129, 134 (2d Cir. 2002); see also Blagrove v. Mantello, No. 95-2821, 104 F.3d 350 (table), 1996 WL 537921, at *2 (2d Cir. Sept.24, 1996) (where the "Fourth Amendment issues were raised before the trial court in the suppression hearing and before the Appellate Division in [his] pro se brief" habeas petitioner's "Fourth Amendment argument is barred [from federal habeas review] because the issue was fully and fairly litigated in the state courts"); McPherson v. Greiner, No. 02 CIV.2726 DLC AJP, 2003 WL 22405449, at *15-16 (S.D.N.Y. Oct. 22, 2003) ("McPherson litigated his Fourth Amendment claim at the pretrial suppression hearing and on direct appeal to the First Department. Thus, state corrective process was not only available but was employed for McPherson's Fourth Amendment claim, which therefore cannot support a petition for a writ of habeas corpus.") (internal citation to record and other citations omitted).

---

[1] As the Second Circuit has noted, "the 'federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10 et seq. (McKinney 1984 & Supp. 1988), as being facially adequate.'" Capellan v. Riley, 975 F.2d 67, 70 & n. 1 (2d Cir. 1992) (quoting Holmes v. Scully, 706 F. Supp. 195, 201 (E.D.N.Y. 1989); citation omitted).

Moreover, there is no indication that there was "an unconscionable breakdown" in New York State's corrective process; it is well established that "a mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." Capellan, 975 F.2d at 72. Accordingly, the Court finds that Petitioner's Fourth Amendment claim is barred from federal habeas review. See id.

## IV. Conclusion

For the foregoing reasons, Petitioner's request for a writ of habeas corpus is denied, and the petition (Dkt #1) is dismissed. Because Petitioner has not "made a substantial showing of the denial of a constitutional right[,]" 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue. The Clerk of Court is directed to close this case.

**SO ORDERED.**

**S/ Michael A. Telesca**

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated: October 16, 2017
Rochester, New York.