UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANGEL ESCALERA,

                                Petitioner,

       -vs-                                **No. 1:15-CV-00674(MAT)**
                                                        **DECISION AND ORDER**
JOHN LEMPKE,

                                Respondent.

---

## I. Introduction

This is habeas proceeding pursuant to 28 U.S.C. § 2254, commenced by *pro se* petitioner Angel Escalera ("Escalera" or "Petitioner"). On October 16, 2017, the Court issued a Decision and Order denying Petitioner's request for a writ of habeas corpus and declining to issue a certificate of appealability. Petitioner now has filed a letter motion (Docket No. 14) seeking to stay the Court's October 16, 2017 decision and "to amend and or supplement the petition by submitting a Sixth Amendment claim involving ineffective assistance of counsel[,]" based on counsel's failure to adequately litigate issues at the suppression hearing and to properly advise him about pleading guilty. (*Id.*, p. 1 of 3). For the reasons discussed below, Petitioner's request is denied.

## II. Discussion

When confronted with a 28 U.S.C. § 2254 habeas petition that presents some claims that have not been properly exhausted in state court, i.e., a "mixed petition," district courts may grant a stay

-1-

"only in limited circumstances." *Rhines v. Weber,* 544 U.S. 269, 277 (2005). Accordingly, the Supreme Court stated in *Rhines* that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State")).

Here, Escalera's petition was not a "mixed petition." Rather, he wishes to amend his petition to add brand-new unexhausted claims. Courts in this Circuit "have disagreed over whether petitioners seeking to exhaust new claims may seek a stay under *Rhines*." *Martinez v. Mariuscello,* No. 16-CV-7933(RJS), 2017 WL 2735576, at *2 (S.D.N.Y. June 23, 2017) (citing *McNeil v. Capra,* No. 13-cv-3048(RA)(RLE), 2015 WL 4719697, at *6 (S.D.N.Y. Aug. 7, 2015)). For the purpose of resolving Escalera's pending application, the Court assumes without deciding that habeas petitioners may seek a stay pursuant to *Rhines* in order to exhaust new claims, not raised in the original petition. *Id.*

Escalera has not cited *Rhines* or attempted to make any showing of the *Rhines* prerequisites for invoking a stay-and-abeyance.

Notably, Escalera does not offer any explanation as to why he did not seek to exhaust his ineffective assistance of trial counsel claim sooner. Based on his letter application, it is evident that all of the facts necessary for Escalera to litigate his ineffective assistance claim were known to him at the time of his trial. Because Escalera has failed to show good cause for his failure to exhaust his ineffective assistance of trial counsel claim, it would be an abuse of this Court's discretion to issue a stay. *E.g., Carr v. Graham*, 27 F. Supp.3d 363, 365 (W.D.N.Y. 2014) (citing *Rhines,* 544 U.S. at 277 ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.")).

Because the claims Escalera wishes to add are unexhausted, the Court's refusal to grant a stay necessarily means that it would be futile to grant his request to amend the petition, since he would be adding unexhausted claims on which the Court could not grant habeas relief. *Carr*, 27 F. Supp.3d at 365 (citing 28 U.S.C. § 2254(b)(2); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987) ("A motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment. . . .'") (quotation omitted in original)).

## III. Conclusion

For the foregoing reasons, Petitioner's request for a stay and for permission to amend his petition are denied with prejudice. Because Petitioner has not "made a substantial showing of the denial of a constitutional right[,]" 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

**SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   July 9, 2018
         Rochester, New York.